## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

RAYMOND MEEKER,             )
                                 )
            **Plaintiff,**    )
   **v.**                          )     **No.: 16-cv-4207-MMM**
                                 )
**ILLINOIS DEPT. OF CORRECTIONS,**   )
**And STATE OF ILLINOIS,**        )
                                 )
            **Defendants.**    )

### MERIT REVIEW ORDER

Plaintiff, currently incarcerated in the Hill Correctional Center, proceeds *pro se* alleging kidnapping, slander and false imprisonment against the Illinois Department of Corrections ("IDOC") and the State of Illinois.  It appears that Plaintiff's allegations arise from a felony conviction for which he is currently serving a sentence. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

## ANALYSIS

Plaintiff's allegations are sparse, stating only that he was kidnapped and wrongfully imprisoned as a result of an unidentified felony conviction. It is unclear whether Plaintiff is asserting a § 1983 action or intends to file a habeas petition. This, particularly, as he asks for neither equitable relief nor money damages. If Plaintiff intends this as a § 1983 claim, he does not provide sufficient information to determine whether this is an Eighth Amendment claim, which might be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or a Fourth Amendment claim, which might not. *Wallace v. Kato*, 549 U.S. 384, 395, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit.") If, however, it was not Plaintiff's intention to file a § 1983 action, he is to inform the Court within 30 days and he will not be assessed the filing fee.

The Complaint is dismissed as Fed.R.Civ.P 8(a)(2) provides that a pleading must contain a short and plain statement showing that the pleader is entitled to the relief sought. As the Seventh Circuit has consistently noted, "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.*, 2002 WL 413172, at *6 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). This complaint fails to identify any requested relief and fails to provide notice to the Defendants of the claims against them.

2

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is dismissed with leave to replead, within 30 days, if he wishes to proceed under § 1983. If not, he is to inform the Court within that same time and he will not be assessed a filing fee. Failure to file an amended complaint may result in the dismissal of this case, without prejudice.

2) Plaintiff's Motion for Status [8] is rendered MOOT as a result of this Order.

 _4/5/2017_                      ____s/Michael M. Mihm____
ENTERED                        MICHAEL M. MIHM
                               UNITED STATES DISTRICT JUDGE