UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND MEEKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 16-cv-4207-MMM |
| ) | |
| ILLINOIS DEPT. OF CORRECTIONS, ) | |
| And STATE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW –AMENDED COMPLAINT

Plaintiff, currently incarcerated in the Hill Correctional Center, has filed a motion for leave [ECF 11] and amended complaint against the Illinois Department of Corrections ("IDOC") and the State of Illinois. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

# ANALYSIS

Plaintiff's original complaint was dismissed as vague and too confusing to state a claim. His amended complaint is not much better. Plaintiff has submitted documents establishing that, on May 11, 2012, he was convicted of criminal sexual assault and sentenced to 14 years in prison. Plaintiff was given credit for 49 days spent in pretrial custody and sentenced to a term of Mandatory Supervise Release ("MSR") from three years to natural life. Plaintiff provides a copy of the sentencing order as well as well as a sentence calculation sheet from the Illinois River Correctional Center and another from the Lawrence Correctional Center, [ECF 11 p. 4 and 5], respectively. He asserts that he has been imprisoned on "false documents" and requests immediate release.

As to the sentencing order, Plaintiff alleges that Judge Fahey, "never offered a sentences agreement in Court for [him] to sign" and that an unspecified box had not been checked. If Plaintiff disagrees with the fact of his conviction or duration of his sentence, he may not dispute it in a § 1983 claim unless that conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. " *Id.* at 487. *See also, Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas is exclusive remedy for plaintiff challenging the duration of custody, seeking speedier release).

As to the calculations sheets, Plaintiff alleges that on January 8, 2014, someone from field services "processed me out" and then "process me back in" on the same

charges. While it is not clear, Plaintiff appears to claim that this apparently clerical function changed his projected out date. Each of the calculation worksheets shows a mandatory out date of March 22, 2026. The calculations from Illinois River show a projected out date of February 16, 2024, while the one from Lawrence shows a projected out date of April 11, 2024. [ECF 11 p. 4-5]. The Seventh Circuit has held, however, that a prisoner does not have a protected liberty interest in a projected, as opposed to mandatory, release date. *Kendrick v. Hamblin*, 606 Fed.Appx. 836 (7th Cir. 2015).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to file Amended Complaint [ECF 11], is GRANTED.

2) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because one claim is *Heck*-barred and the other fails to implicate a protected liberty interest. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

4) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5)      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.


_5/11/2017_                                       s/Michael M. Mihm
ENTERED                             MICHAEL M. MIHM
                                           UNITED STATES DISTRICT JUDGE